UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| SHARON COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:16-cv-464-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| BREATHITT COUNTY FISCAL COURT, | ) | **MEMORANDUM OPINION AND ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendants' Motion to Dismiss in Part or in the Alternative for Partial Summary Judgment [DE 3]. Plaintiff has filed a Response [DE 4] stating her objections to the Motion, and Defendants have filed a Reply [DE 5] in further support of their motion. It is now ripe for consideration, and the Court concludes that it shall be granted for the reasons stated in this Memorandum Opinion and Order.

I.  **FACTUAL BACKGROUND**

The complaint alleges that on or about July 21, 2015, long time Breathitt County Clerk Tony Watts informed the Breathitt County Fiscal Court that he would be retiring.  At that time, Plaintiff was a Deputy Clerk and had about 10 years of experience in the Clerk's office.  Plaintiff alleges Breathitt County Judge Executive John Lester Smith had the sole responsibility to appoint

1

the next County Clerk. Through the "grapevine," the Clerk's office employees heard that Judge Smith was going to appoint Mary Lois Stevens as the new County Clerk.[1] Stevens had lost in two prior elections to County Clerk Watts and had never worked in the County Clerk's office. On November 6, 2015, Plaintiff's coworker Mary Rebecca Curtis filed her intention to run for the County Clerk position. On November 13, 2015, the day before the new appointment would be effective, Stevens came into the Clerk's office around noon and informed Plaintiff and two other employees they had until that night to inform her whether they wished to be her Deputy Clerks. Curtis, on the other hand, was told her services were no longer needed. *Id*. ¶ 16-23. Plaintiff accepted the position of Deputy Clerk that Stevens offered.

In January of 2016, Stevens, acting Clerk, filed her intention to run for the County Clerk position against Curtis. *Id*. ¶ 24 – 27. Plaintiff supported her longtime friend, Curtis, during the 2016 election, rather than her current boss, Stevens.

Plaintiff makes a number of factual allegations regarding her treatment after voicing her public support for Curtis in the election. These allegations are not pertinent to the legal issues in the partial Motion to Dismiss and will be addressed as needed

---

[1] Judge Smith initially appointed Harold Hutchinson, but he resigned November 14, 2015.

at another junction in this litigation. In May 2016, Curtis won the election over Stevens. Plaintiff worked on election night, and alleges she was pushed down a flight of stairs by a supporter of Stevens. As a result of her fall, Plaintiff used her Family and Medical Leave Act (FMLA) rights and took one week off work.

In a recorded conversation, Stevens terminated Plaintiff from the position of Deputy Clerk upon her return from FMLA leave. Stevens opined that Plaintiff was not loyal, among other things. Stevens allegedly stated Plaintiff had asked the doctor to be off and that it had placed her "in a bind," implying that she had spoken to Plaintiff's medical providers. Stevens called Plaintiff's week off work a "vacation." Stevens indicated she would fight Plaintiff's unemployment claim and would not give her a recommendation. *Id*. ¶ 55 – 66.

Plaintiff alleges that Stevens' actions against her were political in nature, illegal and resulted in her losing her long term employment, wages and benefits. The Plaintiff alleges Breathitt County Administrative Code applied to her, that it sets forth a procedure for dismissal of an employee, and this process was not followed in regard to the dismissal of Plaintiff. *Id*. ¶ 68 – 73.

The Plaintiff alleges the following causes of action based on the factual allegations in the Complaint:

(1) political discrimination in violation KRS 67.710;

(2) violations of Sections 2 and 3 of the Kentucky Constitution;

(3) wrongful discharge pursuant to Kentucky common law;

(4) violations of the Fourteenth Amendment to the United States Constitution;

(5) violations of her First Amendment rights to free speech, affiliation, and association; and

(6) violations of her FMLA rights.

The Plaintiff claims as a result of the discriminatory conduct she has been deprived of and continues to be deprived of past and future wages, and other employment privileges she would have received absent the discrimination. The plaintiff also alleges that as a proximate result of the defendants' conduct she has suffered and continues to suffer from humiliation, embarrassment and stress. The Plaintiff claims that she is entitled to actual damages, including compensatory damages and damages for humiliation and suffering, punitive damages, reasonable attorney fees, and declaratory and injunctive relief. *Id*. Count I, ¶ 74 – 86.

## II. STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions." *Id*. Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

### a. Sovereign and Official Immunity

Breathitt County Fiscal Court is an arm of the Commonwealth of Kentucky and, thus, has sovereign immunity from claims where immunity is not waived in the absence of an exception. "Kentucky counties are cloaked with sovereign immunity [which] flows from the Commonwealth's inherent immunity by virtue of a Kentucky county's status as an arm or political subdivision of the Commonwealth . . . and can only be waived by the General Assembly." *Lexington-Fayette Urban Cty. Gov't v. Smolcic,* 142 S.W.3d 128, 132 (Ky. 2004.) The Court will grant Defendants' motion to dismiss the state-law claims against Breathitt County Fiscal Court.

The claims against Stevens and Smith in their official capacities are merely different ways of pleading actions against

Breathitt County. "The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001). *See also Jones v. Perry Cty. Fiscal Court*, 185 F.Supp.3d 947, 961 (E.D.Ky. 2016). ("In Kentucky, a county judge executive sued in his or her official capacity is cloaked with the same immunity as the government or agency he/she represents.")(internal citation and quotation marks omitted). Thus, Stevens and Smith are entitled to immunity for the claims against them in their official capacities.

Accordingly, Plaintiff's state-law claims (Counts I and III) against Breathitt County Fiscal Court and Stevens and Smith in their official capacities will be dismissed pursuant to sovereign immunity.

    **b. Claims under Sections 2 and 3 of the Kentucky Constitution**

Plaintiff's Kentucky Constitution claims in Count II of the Complaint likewise fail as a matter of law. Kentucky state law does not recognize a private cause of action under its Constitution. *Jackson v. Murray State University*, 834 F.Supp.2nd 609, 614-15 (W.D.Ky. 2011). Plaintiff has not cited any Kentucky statute that could serve as a vehicle for these claims (in the

6

same way, for example, 42 U.S.C. § 1983 does for federal constitutional violations), and the Court is aware of no such statute. *See Tallman v. Elizabeth Police Dept.*, 344 F.Supp.2d 992, 997 (W.D.Ky. 2004). The Kentucky Supreme Court has held that the statute which authorizes a private right of action for damages for any person injured by the violation of a statute, KRS 446.070, does not extend to claimed violations of the Kentucky Constitution. *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529 (Ky. 2011).

Accordingly, the Court finds that Kentucky law does not recognize a private cause of action for violations of the Kentucky Constitution. The Court will grant Defendants' motion to dismiss Count II of Plaintiff's Amended Complaint.

### IV. CONCLUSION

For the reasons stated above, the Count II will be dismissed; Counts I and III (the Kentucky state law claims) against the Breathitt County Fiscal Court, Mary Lois Stevens in her official capacity, and John Lester Smith in his official capacity will be dismissed. The following claims remain: Counts IV and V against the Breathitt County Fiscal Court; Counts I, III, IV, V, and VI against Mary Lois Stevens, Individually; Counts IV, V, and VI against Mary Lois Stevens, in her official capacity; Counts IV and V against John Lester Smith, in his official capacity; and Counts I, III, IV, and V against John Lester Smith, Individually.

Defendants did not request the Court consider the federal law claims in Counts IV, V, or VI in their Motion to Dismiss, therefore, the Court did not address those claims herein.

Accordingly, **IT IS ORDERED:**

(1) that Defendants' Motion to Dismiss in Part [DE 3] is **GRANTED.**

Pursuant to Fed. R. Civ. P. 16 and 26, **IT IS FURTHER ORDERED** as follows:

(2) that within twenty-one (21) days from the date of service of this Order, the parties, by counsel, shall meet, either in person or by telephone, to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), as amended December 1, 2010, and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f), as amended December 1, 2015.

(3) that within ten (10) days after the meeting the parties shall file a joint status report containing:

(a) the discovery plan. In formulating their plan, the parties should consider the concerns described in Fed. R. Civ. P. 26(b)(1), as amended December 1, 2015, as well as the Court's belief that discovery should last between three and five months.

(b) the parties' estimate of the time necessary to file pretrial motions.

(c) the parties' estimate as to the probable length of trial.

(d) the dates mutually convenient for trial.

(e) the parties' decision as to whether the action may be referred to a United States magistrate judge for trial pursuant to 28 U.S.C. § 636(c).

(f) the parties' determination as to whether the resolution of the case may be aided by mediation or other special procedures as authorized by statute or local rule.

Each party is directed to advise the Court at the time of the submission of the joint report of all parent corporations, subsidiaries, affiliates, members and/or partners with which it is associated.

This the 27th day of September, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge